IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Civil Action No.: 3:12-3448-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CONSENT ORDER OF FORFEITURE |
| ) | |
| $125,000 IN FUNDS ) | |
| ) | |
| Defendant *In Rem*. ) | |
| ) | |
| Steve Griebe, Claimant ) | |

The above-entitled in rem forfeiture action was initiated on December 6, 2012. The case concerns the proposed forfeiture of $125,000 in funds (the "Defendant Funds") from account number XXXXXX533 with Vista Bank (the "Subject Account"), for alleged involvement in violations of 31 U.S.C. § 5324(a) (structuring of currency transactions). The Complaint alleges that the Defendant Funds are subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) and 18 U.S.C. § 981(a)(1)(A), which statutes provide for, *inter alia*, the civil forfeiture of funds involved in structuring.

Steve Griebe is the sole signatory on the Subject Account, and has filed a claim to the Defendant Funds. ECF No. 5. No other persons or entities have filed claims and answers in this action, as required by Supplemental Rule G(5).

A Warrant of Arrest *In Rem* was duly executed against the Defendant Funds on February 6, 2013. ECF No. 6. As set forth in the Declaration of Publication filed on February 6, 2013 (ECF No. 7), and in accordance with Supplemental Rule G(4), notice of this forfeiture action was published on an official internet government forfeiture site,

"www.forfeiture.gov", for at least 30 consecutive days, beginning on December 8, 2012, and ending on January 6, 2013. Any person claiming an interest in the Defendant Funds was required to file a claim within sixty days after the first date of such publication (by February 6, 2013). All time limits for the filing of claims have now expired, with no requests for extensions of such time limits having been requested or granted. On March 5, 2013, the clerk entered default against all potential claimants other than Steve Griebe. ECF No.

The United States and the Claimant, Steve Griebe, have reached an agreement regarding the forfeiture of the Defendant Funds, the terms of which are set forth in a Stipulated Forfeiture Agreement filed March 26, 2013. ECF No. 10. The essential terms of such agreement are as follows:

- Steve Griebe ("Claimant") represents that he is the sole owner of the Defendant Funds.

- Claimant agrees to the forfeiture of the Defendant Funds to the United States, to be disposed of according to law.

- The United States contends that there was structuring of funds associated with the Subject Account, up to the amount of $1,040,175, in alleged violation of 31 U.S.C. § 5324(a). The Government further contends that funds or other property involved in or traceable to the alleged structuring, up to the value of $1,040,175, are subject to forfeiture, pursuant to 31 U.S.C. § 5317(c)(2) and 18 U.S.C. § 981(a)(1)(A). Claimant denies involvement in any structuring, and further denies that any structuring is associated with the Subject Account. Nonetheless, in order to resolve this matter, Claimant and the Government agrees to the following terms:

    (a)    In addition to the Defendant Funds previously tendered to the United States, Claimant also agrees to tender to the United States Secret Service ("USSS") a total of $375,000 (hereafter, the "Additional Funds"), by check(s) drawn on the Subject Account. The Additional Funds are to be tendered to USSS in three (3) equal payments of $125,000 each, on or before April 1, 2013; July 1, 2013; and, October 1, 2012. Claimant further agrees to the forfeiture of such Additional Funds to the United States, pursuant to Stipulated Forfeiture Agreement to be entered after the tender of such Additional Funds.

  (b)  In the event Claimant tenders full and timely payments of the Additional Funds under the terms set forth herein, the Government agrees not to seek forfeiture of any other funds or property alleged to be involved in, or traceable to, the alleged structuring which is the subject of this forfeiture action and Stipulation.  In the event Claimant fails to tender full and timely payments of any of the Additional Funds, as required under the terms of the Stipulation, the Government reserves the right to seek forfeiture of other funds or property which the Government believes is either traceable to, or involved in, the alleged structuring violations which are the subject of this Stipulation and related Complaint for Forfeiture *In Rem*, up to the value of $1,040,175 (less the value of any funds previously tendered by Claimant pursuant to this Stipulation).

NOW THEREFORE, the Court being fully advised, and based on the Stipulated Forfeiture Agreement, which is incorporated herein by reference, it is

ORDERED, ADJUDGED AND DECREED, that:

1.  All persons, except the Claimant, claiming any right, title or interest in or to the Defendant Funds are hereby held in default, and default judgment is entered against them.

2.  Pursuant to 31 U.S.C. § 7317(c)(2), the Defendant Funds, to wit, $125,000, is hereby forfeited, condemned, quit-claimed and abandoned to the United States of America.

3.  Clear title in and to the Defendant Funds is hereby vested in the United States of America, and no other right, title or interest exists therein.  All other claims in or to the Defendant Funds are hereby forever foreclosed and barred.

4.  The $125,000.00 in Defendant Funds forfeited herein shall be disposed of by the United States in accordance with law.

IT IS SO ORDERED.

April 4, 2013 　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina 　　　　　　　　　United States District Judge